IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


OIL TOOL RENTALS, CO. d/b/a          *
ARKOMA MACHINE & FISHING             *
TOOLS and BIG MAC TANK TRUCKS,       *
LLC,                                 *
                                     *
                Plaintiffs,          *
                                     *
vs.                                  *          No. 4:10CV00324 SWW
                                     *
SH EXPLORATION, LLC and              *
SH ENERGY USA, INC.,                 *
                                     *
                Defendants.          *

**Memorandum and Order**

Before the Court is a motion to transfer venue to which plaintiffs responded in opposition.

For the reasons stated below, the motion is denied.

Separate Defendant SH Exploration, LLC ("SH Exploration") owns the right to

development of natural gas from the Fayetteville shale bed in Southern Arkansas ("the Arkansas

Shale Project").  SH Exploration developed three wells which were not sufficiently productive to

make operations economical.  SH Exploration's creditors, for the most part, are trade creditors

whose claims arose from the development of the Arkansas Shale Project.[1]

Plaintiffs Oil Tool Rentals Company d/b/a Arkoma Machine & Fishing Tools ("Arkoma")

and Big Mac Tank Truck, LLC ("Big Mac") filed a lawsuit on March 31, 2010, in the circuit

court of Van Buren County, Arkansas, suing  SH Exploration and SH Energy USA, Inc. ("SH

Energy") for, among other things, breach of contract.  They claim defendants failed to pay them

for labor, materials, and supplies provided in connection with the drilling of natural gas wells.

---

[1]SH Exploration's Mot. to Transfer Venue at ¶ 2.

Plaintiffs' complaint seeks in part to foreclose on liens filed in Van Buren County, Arkansas, on property owned by defendants.

SH Exploration filed a bankruptcy case in the District of Nevada, Las Vegas Division on May 3, 2010.  On May 5, 2010, SH Exploration removed the state court action to this Court. Now SH Exploration seeks to transfer venue of the action to the Nevada bankruptcy court, arguing such transfer will promote judicial economy and conserve the resources of the parties by providing a single, convenient forum for the resolution of all disputes.  SH Exploration says it intends to file a Plan of Reorganization to treat the various claims of creditors, including plaintiffs.  Plaintiffs oppose transfer, arguing that SH Exploration cannot show by a preponderance of the evidence that it is in the interest of justice or the convenience of the parties to change venue.

According to 28 U.S.C. § 1409, the court where the bankruptcy case is pending is a proper venue for any litigation brought by or against the debtor.  But "in the interest of justice or for the convenience of the parties," the court in which the action is brought may transfer it to another district.  28 U.S.C. § 1412.[2]  The granting or denial of a motion to transfer under § 1412 is discretionary with the court.  *United States v. Phillips,* 433 F.2d 1364, 1368 (8th Cir. 1970).  The party wishing to transfer venue has the burden to prove by a preponderance of the evidence that

---

[2]Transfer of an adversary proceeding in bankruptcy to another district is governed by § 1412.  Some courts hold that the general civil venue statute, 28 U.S.C. § 1404, applies to cases which are only "related to" a bankruptcy case as opposed to proceedings arising in or under a bankruptcy case. *See Searcy v. Knostman,* 155 B.R. 699, 706-707 (S.D.Miss.1993). Other courts have concluded that due to the similarity between §§ 1404 and 1412 that there is no reason to distinguish between the two statutes. *See e.g., Thomson McKinnon Securities, Inc. v. White (In re Thomson McKinnon Securities, Inc.),* 126 B.R. 833, 834-35 (Bankr.S.D.N.Y.1991) (*quoting In re Spillane,* 884 F.2d 642, 645 n. 6 (1st Cir.1989)). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties cite §1412 in their pleadings.  Under either statute, the Court finds that the motion should be denied.

the transfer is appropriate.  *Frelin v. Oakwood Homes Corp.,* 292 B.R. 369, 387 (Bankr. E.D. Ark. 2003).

> There is a strong presumption in favor of placing venue in the district court where the bankruptcy case is pending.  However, wherein the debtor is a non-movant in the motion to transfer venue to the "home court" (i.e. bankruptcy court in which the debtor's case is pending), consideration of the home court presumption is less important than if the debtor was the movant or had joined in the motion.

*Quick v. Viziqor Solutions, Inc.,* 2007 WL 494924 *3 (E.D.Mo. Feb. 12, 2007).

Factors relevant to the "interest of justice" prong of § 1412 are: economics of estate administration; presumption in favor of the "home court;" judicial efficiency; ability to receive a fair trial; the state's interest in having local controversies decided within its borders, by those familiar with its laws; the enforceability of any judgment rendered; and plaintiff's original choice of forum.  Factors relevant to the "convenience of the parties" prong are: location of the plaintiff and defendant; ease of access to necessary proof; convenience of witnesses; availability of subpoena power for the unwilling witnesses; and expenses related to obtaining witnesses.

Upon review of these factors, the Court finds that the motion to transfer venue should be denied.  The work and materials were provided in Arkansas and most of the necessary proof will likely be located in Arkansas.  The real property being foreclosed upon is in Arkansas, and Arkansas has an interest in determining the action over the ownership of property in the state.  SH Exploration fails to carry its burden that transfer is appropriate.

IT IS THEREFORE ORDERED that the motion to transfer [docket entry 7] is denied.

DATED this 22nd  day of July, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE